UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUSTIN BENIQUEZ,

Plaintiff,

-against-

PAUL ARTETA; JOHN DOE; OFFICER GOETZ,

Defendant(s).

25-CV-3956 (KMW)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

KIMBA M. WOOD, United States District Judge:

Plaintiff, who currently is incarcerated in the Ulster County Correctional Facility, brings this action, *pro se*, under 42 U.S.C. § 1983, alleging that Defendants violated his rights while he was detained in the Orange County Jail ("OCJ"). He names as defendants OCJ Sheriff Paul Arteta, OCJ Officer Goetz, and a John Doe defendant. By separate Order dated May 15, 2025, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] (ECF No. 5.) For the reasons set forth below, the Court dismisses the complaint, with 30 days' leave to file an amended complaint.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

complaint if the Court lacks subject matter jurisdiction over the claims raised. *See* Fed. R. Civ. P. 12(h)(3). Although the law mandates dismissal on any of these grounds, the Court is obligated to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks and citations omitted) (emphasis in original).

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). A complaint states a claim for relief if the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To review a complaint for plausibility, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's favor. *Iqbal*, 556 U.S. at 678-79 (citing *Twombly*, 550 U.S. at 555). The Court need not accept, however, "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id.* at 678 (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. *Id.*

## BACKGROUND

The following facts are drawn from the complaint.[2] On or about April 2, 2025, Officer Goetz denied Plaintiff access to the law library where Plaintiff intended to finalize, and make

[2] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation appear as in the complaint unless noted otherwise.

copies of, letters to the Department of Corrections and Community Supervision ("DOCCS") Commissioner and Governor Kathy Hochul regarding New York State's failure to take him into custody. (ECF No. 1 at 12.) On April 4, 2025, Plaintiff filed a grievance regarding New York State's failure to take custody of him; this grievance was processed and denied. (*Id*. at 28.)

On April 9, 2025, Plaintiff suffered a medical emergency and when he requested assistance from Officer Goetz, his requests were ignored. (*Id*. at 12.) Plaintiff claims he suffered chest pains, breathing difficulty, chronic nerve damage, depression, and anxiety; he also alleges he was denied mental health services. (*Id*. at 5.) Two days later, on April 11, 2025, Plaintiff filed a grievance that was denied. (*Id*. at 25.)

On an unspecified date, Officer Goetz ordered Plaintiff to be confined to his cell after another incarcerated individual flooded Plaintiff's housing unit; Plaintiff states that his classification requires him to be housed in a dormitory setting and confining him to his cell violated his constitutional rights. (*Id*. at 26.)

Plaintiff asserts that his confinement at the OCJ beyond his state-ready date of February 20, 2025, violated New York Criminal Procedure Law § 430.20. (*Id*. at 13.) He claims that the failure to transfer him into state custody resulted in his being denied programming that affected his early-release eligibility. (*Id*. at 14.) He argues that Sheriff Arteta failed to file an Article 78 proceeding in state court requiring DOCCS to accept Plaintiff into its custody. (*Id*. at 13.)

Plaintiff seeks $100 per day for each day wrongfully confined, $100,000 for mental anguish, $100,000 for due process violations, $100,000 for cruel and unusual punishment, immediate transfer, and an order compelling Sheriff Arteta to seek Article 78 relief.

According to records maintained by DOCCS, New York State took custody of Plaintiff on May 20, 2025.[3]

## DISCUSSION

The complaint suggests that Plaintiff seeks to assert the following claims: (1) a First Amendment claim against Officer Goetz regarding Plaintiff's access to the law library and his attempt to communicate with New York State officials regarding his custody; (2) an Eighth Amendment claim regarding Plaintiff's alleged denial of medical attention; and (3) a Fourteenth Amendment due process claim regarding Plaintiff's confinement to his cell for one evening. Plaintiff also challenges the failure of state officials to take him into custody and seeks injunctive relief, specifically, an order directing Sheriff Arteta to file an Article 78 proceeding in state court to facilitate Plaintiff's release to state custody. He also may be pursuing a separate claim associated with his not being designated in a state facility and the subsequent collateral consequences resulting from his not being designated.

The Court dismisses the First, Eighth, and Fourteenth Amendment claims for failure to state a claim and denies the request for injunctive relief as moot. The Court also dismisses any claims regarding his not being designated, also for failure to state a claim.

### A. First Amendment Claims

The Court construes Plaintiff's allegations, that he was denied access to the law library to finalize and make copies of his letters to the DOCCS Commissioner and Governor Hochul

---

[3] DOCCS, Incarcerated Lookup, https://nysdoccslookup.doccs.ny.gov (last visited September 14, 2026).

seeking transfer to state custody, as asserting access-to-courts and mail-tampering claims, both arising under the First Amendment. The Court dismisses both claims.

1. Access-to-courts

To state a claim for denial of access to the courts, a plaintiff must allege facts showing that the defendant's conduct: (1) "was deliberate and malicious," and (2) "resulted in actual injury to the plaintiff such as the dismissal of an otherwise meritorious legal claim." *Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003) (internal quotation marks omitted). To demonstrate an actual injury, a plaintiff must allege: (1) a valid underlying cause of action separate from the right-of-access claim; and (2) frustration or hindrance of the litigation caused by the defendant's actions. *See Christopher v. Harbury*, 536 U.S. 403, 415 (2002). A claim that an individual's right of access to the courts has been denied may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" or from the loss or inadequate settlement of a meritorious suit that cannot now be tried. *Id.*

Plaintiff's allegation that Officer Goetz denied him access to the law library fails to state an access-to-courts claim because he does not allege that he had a nonfrivolous legal claim that was frustrated or impeded. Indeed, Plaintiff does not refer to any underlying claim he sought to litigate. Rather, the complaint indicates that Plaintiff sought access to the law library to finalize his letters to the DOCCS Commissioner and Governor Hochul. He does not state, however, why he required access to the law library for this task. Moreover, given that Plaintiff filed and mailed two grievances, in which he received a response in both, it is unclear why he also could not mail his letters to the DOCCS Commissioner and Governor Hochul. Accordingly, the Court dismisses Plaintiff's access-to-courts claim for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

2. Mail-tampering

The Court construes Plaintiff's allegation that Officer Goetz did not permit him access to the law library to finalize his letters to DOCCS Commissioner and Governor Hochul as asserting a mail-tampering claim. To state a claim based on general mail tampering, a plaintiff must allege that the incidents: (1) suggest an ongoing practice of censorship unjustified by a substantial government interest, or (2) have unjustifiably chilled the prisoner's right of access to the court or impaired his legal representation. *Davis*, 320 F.3d at 351. "[A]n isolated incident of mail tampering is usually insufficient to establish a constitutional violation." *Id.* at 351-52. As few as two incidents of mail tampering, however, may constitute a First Amendment violation if indicative of "regular" and "unjustifiable" interference with a prisoner's mail. *Id.* at 351; *see Washington v. James*, 782 F.2d 1134, 1139 (2d Cir. 1986).

Plaintiff does not allege any facts to suggest that Officer Goetz interfered or tampered with his mail in a manner that rises to the level of a constitutional violation. The allegations do not demonstrate that Officer Goetz interfered with the mailing of Plaintiff's letters; rather, they only suggest that Goetz denied him a law library visit to finalize his letters. The complaint does not suggest that Plaintiff was otherwise prevented from mailing his letters. Thus, Plaintiff's allegations do not suggest that Officer Goetz subjected him to regular and unjustifiable interference with his mail or that such interference affected his ability to access the courts. The Court dismisses Plaintiff's mail tampering claim for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B. Eighth Amendment**

To establish a Section 1983 claim for inadequate medical care in violation of the Eighth Amendment, a plaintiff must show that correction officials were deliberately indifferent to the plaintiff's serious medical condition. *See Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976).

Deliberate indifference is evaluated under a two-pronged test comprised of both objective and subjective components. *See Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011).

To satisfy the objective element, a plaintiff must allege "that the conditions, either alone or in combination, pose an unreasonable risk of serious damage to his health" or safety, which "includes the risk of serious damage to 'physical and mental soundness.'" *Darnell v. Pineiro*, 849 F.3d 17, 30 (2d Cir. 2017) (citing *Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013), and quoting *LaReau v. MacDougall*, 473 F.2d 974, 978 (2d Cir. 1972)). The deliberate indifference standard "contemplates a condition of urgency such as one that may produce death, degeneration, or extreme pain." *Charles v. Orange Cty.*, 925 F.3d 73, 86 (2d Cir. 2019); *see Harrison v. Barkley*, 219 F.3d 132, 136 (2d Cir. 2000) (holding that the medical need must be a "sufficiently serious" condition that "could result in further significant injury or the unnecessary and wanton infliction of pain" (internal quotation marks and citation omitted)).

The subjective component of the deliberate indifference standard requires a prisoner to show that the defendant officials acted with a "sufficiently culpable state of mind" in depriving him of adequate medical treatment. *Nielsen v. Rabin*, 746 F.3d 58, 63 (2d Cir. 2014) (citing *Salahuddin*, 467 F.3d at 280). A convicted prisoner must show that a prison official "kn[ew] of and disregard[ed] an excessive risk to [the prisoner's] health or safety; the official must both [have been] aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must [have] also draw[n] the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). That is, a prisoner must state facts showing that the defendant possessed "a state of mind that is the equivalent of criminal recklessness." *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996).

Where a medical professional inadvertently or negligently fails to provide adequate care, a prisoner cannot state a claim of a constitutional violation under the Eighth Amendment. *See Estelle*, 429 U.S. at 106. Thus, a "mere disagreement over the proper treatment" is not actionable. *Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998); *see, e.g.*, *Hill*, 657 F.3d at 123 (holding that a medical officer who prescribed Motrin rather than stronger pain medication to treat a broken wrist did not have the "culpable state of mind" required to satisfy the subjective component of the deliberate indifference standard).

The Court assumes, for the purposes of this Order, that Plaintiff's medical conditions—chest pains, breathing difficulty, chronic nerve damage, depression, and anxiety—are objectively serious. However, he does not allege facts suggesting that Officer Goetz knew of and disregarded any serious risk to his health or acted in any way "that is the equivalent of criminal recklessness." *Hathaway*, 99 F.3d at 553. Rather, Plaintiff generally claims that he asked for medical attention when he suffered a variety of medical conditions, one of which he contends posed a medical emergency. Because Plaintiff does not include facts describing his alleged medical emergency or why he required immediate medical attention, he fails to state a medical claim against Officer Goetz, and the Court dismisses the claim on this basis. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**C. Fourteenth Amendment**

Plaintiff's allegation that he was confined to his cell for an evening, after a flooding incident in his housing unit, is construed as arising under the Due Process Clause of the Fourteenth Amendment, which protects "against deprivations [of life, liberty, or property] without due process of law." *Rivera-Powell v. N.Y. City Bd. of Elections*, 470 F.3d 458, 464 (2d Cir. 2006). When analyzing a due process claim, "a court must determine (1) whether a [liberty

or] property interest is implicated, and if it is, (2) what process is due before the plaintiff may be deprived of that interest." *Nnebe v. Daus*, 644 F.3d 147, 158 (2d Cir. 2011) (citation omitted).

"Inmates' liberty interests are typically derived from two sources, the Fourteenth Amendment Due Process Clause and state statutes or regulations." *Arce v. Walker*, 139 F.3d 329, 333 (2d Cir. 1998). "The Due Process Clause does not protect against 'every change in the conditions of confinement having a substantial adverse impact' on inmates . . . if those changes are 'within the normal limits or range of custody which the conviction has authorized the State to impose.'" *Arce v. Walker*, 139 F.3d 329, 333 (2d Cir. 1998) (quoting *Sandin v. Connor*, 515 U.S. 472, 478 (1995) and *Meachum v. Fano*, 427 U.S. 215, 225 (1976)). Instead, the Due Process Clause protects against restraints or conditions of confinement that "exceed[ ] the sentence in . . . an unexpected manner." *Id.* (quoting *Sandin*, 515 U.S. at 484).

Plaintiff's allegation that Officer Goetz ordered that he be confined to his cell for one evening does not implicate a protected liberty interest because this "confinement did not 'present a dramatic departure from the basic conditions of [Plaintiff's] . . . sentence.'" *Id.* at 337 (quoting *Sandin*, 515 U.S. at 485)). Accordingly, the Court dismisses Plaintiff's Fourteenth Amendment claim for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**D. State-Ready Custody Transfer**

Plaintiff challenges New York State's failure to take custody of him and seeks an order directing Sheriff Arteta to file an Article 78 proceeding directing state officials to act. Because Plaintiff is now in state custody, the Court denies Plaintiff's request for injunctive relief as moot. To the extent Plaintiff seeks relief, regarding the loss of state custody programming while waiting for his transfer, the defendants named in this action—Orange County officials— cannot be held liable for any alleged violations of state law by state officials. *Cf. Battle v. NYC Dep't of*

*Corr.*, No. 25-CV-4169 (JPO), 2026 WL 1134852, at *3 (S.D.N.Y. Apr. 27, 2026) ("Even assuming, arguendo, that Battle had a constitutional right to be transferred into state custody without delay, Battle does not plausibly allege that Martuscello 'caused the deprivation of his . . . rights.'" *Taylor v. Brentwood Union Free Sch. Dist.*, 143 F.3d 679, 686 (2d Cir. 1998)). The Court therefore dismisses any claims Plaintiff may be pursuing regarding any delays in his transfer to state custody for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B)(ii).

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Lucente v. Int'l Bus. Machs. Corp*., 310 F.3d 243, 258 (2d Cir. 2002). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid claim regarding his detention in the Orange County Jail, the Court grants Plaintiff 30 days' leave to file an amended complaint to detail his First, Eighth, and/or Fourteenth Amendment claims.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

## SUPPLEMENTAL JURISDICTION

A district court may decline to exercise supplemental jurisdiction over state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C.

§ 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Having dismissed the federal claims over which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction over any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), with 30 days' leave to replead. The Court denies as moot Plaintiff's request to order Defendant Sheriff Paul Arteta to file an Article 78 proceeding in state court. The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated: September 16, 2026
New York, New York

/s/ Kimba M. Wood
KIMBA M. WOOD
United States District Judge